UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIKE KEENEY
an individual,

      Plaintiff,

v.

WELLS FAROG BANK,N.A., d/b/a
WELLS FARGO HOME MORTGAGE,
a national association,

      Defendant.

_____/

Case No.: 8:14cv269 23AEp

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, MIKE KEENEY (hereinafter, "Plaintiff"), by and through the undersigned counsel, and sues Defendant, WELLS FARGO BANK, N.A., d/b/a WELLS FARGO HOME MORTGAGE (hereinafter, "Defendant"), and alleges:

### PRELIMINARY STATEMENT

1.    This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), the Telephone Consumer Protection Act, 47 U.S.C., Section 227 *et seq*. (hereinafter, the "TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C., Section 1692a, *et seq*. (hereinafter, the "FDCPA"), and for declaratory judgment and injunctive relief in equity.

### JURISDICTION, VENUE & PARTIES

2.    Jurisdiction of this Court arises under 15 U.S.C., Section 1692k(d), 47 U.S.C., Section 227(b)(3), 28 U.S.C., Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 U.S.C., Section 1367. Declaratory relief is available pursuant to 28 U.S.C., Sections 2201 and 2202.



1

3.      Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

4.      Plaintiff is an individual residing in Pinellas County, Florida.

5.      Defendant is a national association that, itself and through its subsidiaries, regularly services defaulted home mortgage loans for consumers in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6.      At all times herein, Defendant was a "debt collector" as defined by 15 U.S.C., Section 1692a(6) and Florida Statutes, Section 559.55(6).

7.      Defendant used interstate mail while engaging in a business the principal purpose of which is the collection of debts. Defendant is also one who regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

8.      Specifically, Defendant attempted to collect a debt, a consumer mortgage note secured by real property located at 154 45th Avenue NE, St. Petersburg, Florida 33703, referenced by account number ending in -0609 (hereinafter, "Debt").

9.      At all times herein, the Debt was a consumer debt, incurred primarily for personal, household or family use.

10.     At all times herein, Defendant was a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

11.     At all times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55 and 15 U.S.C., Section 1692a(2).

12.     Defendant received or acquired the Debt for servicing, collection, or both – and at

2

all times herein collected the Debt – after the Debt was in default.

13.    At all times herein. Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

14.    All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

15.    At all times herein. it would have been possible for Defendant to avoid violating the TCPA.

16.    Defendant's telephone calls, as more specifically alleged below, were made to Plaintiff's cellular telephone number 727.744.8856 (hereinafter, "cellular phone") using an automatic telephone dialing system (hereinafter, "ATDS") or an artificial or pre-recorded voice (hereinafter, "APV").

17.    Defendant's telephone calls, as more specifically alleged below, were made in willful and knowing violation of the TCPA.

18.    On or about April 17, 2009, Plaintiff retained attorney, Matthew Weidner, Esq. (hereinafter, "Foreclosure Counsel") with regard to the mortgage foreclosure lawsuit filed in the Circuit Court for the Sixth Judicial Circuit. in and for Pinellas County, Florida, referenced by case number 09-005652-CI (hereinafter, "Foreclosure Case") in an attempt to collect the Debt.

19.    On or about April 17, 2009, Foreclosure Counsel filed a *Notice of Appearance* (hereinafter. "NOA") in the Foreclosure Case and served it on Defendant. Foreclosure Counsel's NOA contained his contact information and advised Defendant of Foreclosure Counsel's representation of Plaintiff with regard to the Foreclosure Case and Debt.

20. Moreover, Defendant is actively litigating the Foreclosure Case, serving, through its agent and counsel, numerous documents on Foreclosure Counsel, further evidencing that Defendant had knowledge of Foreclosure Counsel's representation of Plaintiff with regard to the Foreclosure Case and the Debt.

21. On or about September 27, 2013, Leavengood, Dauval & Boyle, P.A. (hereinafter, "Undersigned Counsel") served a stipulation for substitution of counsel in the Foreclosure Case on Defendant.

22. Defendant called Plaintiff's cellular phone hundreds of times in an attempt to collect the Debt after Defendant had actual notice of both Foreclosure Counsel's representation of Plaintiff with regard to the Debt, as well as Undersigned Counsel continued representation in this Foreclosure Case.

23. Plaintiff retained Undersigned Counsel for the purpose of pursing the debt collection violations committed by Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

24. Defendant's telephone calls, made to Plaintiff's cellular phone, using an ATDS or an APV, were not made for emergency purposes.

## THE COLLECTION CALLS

25. Commencing approximately in the month of April 2009 and continuing through the date of this Complaint, despite having knowledge Foreclosure Counsel's and Undersigned Counsel's continuous, uninterrupted representation of Plaintiff with regard to the Debt, Defendant continually and repeatedly called Plaintiff's cellular phone using an ATDS or an APV in an attempt to collect the Debt (herein collectively, "the Collection Calls").

26. Defendant placed the Collection Calls to Plaintiff's cellular phone using telephone

number 800.868.0043.

27.    Defendant placed the Collection Calls despite Defendant never possessing Plaintiff's prior express consent to call Plaintiff's cellular phone using an ATDS or an APV.

28.    Any such prior express consent–if it ever existed–was revoked when Defendant received Foreclosure Counsel's NOA, which gave Defendant actual notice of Foreclosure Counsel's representation of Plaintiff with regard to the Debt, and provided Foreclosure Counsel's contact information.

29.    All of the below-alleged Collection Calls were made despite having actual notice of Plaintiff's Foreclosure Case and Foreclosure Counsel's and Undersigned Counsel's continuous, uninterrupted representation of Plaintiff with regard to the Debt.

30.    On or about August 31, 2013, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

31.    The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

32.    On the immediately-aforementioned telephone call, Defendant left a pre-recorded voicemail message on Plaintiff's cellular phone using an APV.

33.    On or about September 9, 2013, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

34.    The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

35.    On the immediately-aforementioned telephone call, Defendant left a pre-recorded voicemail message on Plaintiff's cellular phone using an APV.

36.    On or about September 19, 2013, Defendant called Plaintiff's cellular phone using

5

an ATDS or an APV.

37.    The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

38.    On or about September 20, 2013, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

39.    The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

40.    On or about September 21, 2013, at approximately 2:55 p.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

41.    The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

42.    On or about September 23, 2013, Defendant called Plaintiff's cellular phone twice using an ATDS or an APV. Said calls were placed at approximately the following times:

    a.    10:44 a.m. EST; and

    b.    7:02 p.m. EST.

43.    The immediately-aforementioned calls were placed from telephone number 800.868.0043 and were made in an attempt to collect the Debt.

44.    On or about September 24, 2013, beginning at approximately 10:38 a.m. EST, Defendant called Plaintiff's cellular telephone at least three (3) separate and individual times using an ATDS or an APV.

45.    The immediately-aforementioned calls were placed from telephone number 800.868.0043 and were made in an attempt to collect the Debt.

46.    On the immediately-aforementioned calls, Defendant left the exact same pre-

6

recorded voicemail message on Plaintiff's cellular phone using an APV three (3) separate times. The message is as follows:

> This is Joanne from Wells Fargo Home Mortgage, your mortgage servicer, calling in regards to your mortgage. Please call us back at 1.800.678.7986. Our hours of operation are 7:00 a.m. to 10:00 p.m. central time Monday thru Friday, 8:00 a.m. to 6:00 p.m. central time on Saturdays, and 1:00 p.m. to 5:00 p.m. central time on Sundays. This is an attempt to collect a debt and any information obtained will be used for that purpose. That phone number once again is 1.800.678.7986. We look forward to talking with you today. Thank you.

47.     On or about September 25, 2013, Defendant called Plaintiff's cellular phone twice using an ATDS or an APV. Said calls were placed at approximately the following times:

      a.      10:42 a.m. EST; and

      b.      8:14 p.m. EST.

48.     The immediately-aforementioned calls were placed from telephone number 800.868.0043 and were made in an attempt to collect the Debt.

49.     On or about September 26, 2013, Defendant called Plaintiff's cellular phone three (3) times using an ATDS or an APV. Said calls were placed at approximately the following times:

      a.      9:42 a.m. EST;

      b.      2:54 p.m. EST; and

      c.      8:28 p.m. EST.

50.     The immediately-aforementioned calls were placed from telephone number 800.868.0043 and were made in an attempt to collect the Debt.

51.     On or about September 27, 2013, at approximately 10:46 a.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

7

52.     The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

53.     On or about September 29, 2013, Defendant called Plaintiff's cellular phone twice using an ATDS or an APV.  Said calls were placed at approximately the following times:

        a.     1:41 p.m. EST; and

        b.     5:21 p.m. EST.

54.     The immediately-aforementioned calls were placed from telephone number 800.868.0043 and were made in an attempt to collect the Debt.

55.     On or about October 2, 2013, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

56.     The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

57.     On the immediately-aforementioned telephone call, Defendant left a pre-recorded voicemail message on Plaintiff's cellular phone using an APV.

58.     On or about October 5, 2013, at approximately 1:25 p.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

59.     The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

60.     On or about October 7, 2013, at approximately 12:22 p.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

61.     The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

62.     On or about October 8, 2013, Defendant called Plaintiff's cellular phone using an

ATDS or an APV.

63.     The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

64.     On the immediately-aforementioned telephone call, Defendant left a pre-recorded voicemail message on Plaintiff's cellular phone using an APV.

65.     On or about October 11, 2013, at approximately 5:31 p.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

66.     The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

67.     On or about October 12, 2013 at approximately 2:38 p.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

68.     The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

69.     On or about October 14, 2013, Defendant called Plaintiff's cellular phone twice using an ATDS or an APV.  Said calls were placed at approximately the following times:

      a.     10:34 a.m. EST; and

      b.     5:57 p.m. EST.

70.     The immediately-aforementioned calls were placed from telephone number 800.868.0043 and were made in an attempt to collect the Debt.

71.     On or about October 15, 2013 at approximately 9:50 a.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

72.     The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

9

73. On or about October 19, 2013, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

74. The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

75. On or about October 21, 2013, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

76. The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

77. On or about October 23, 2013, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

78. The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

79. On the immediately-aforementioned telephone call, Defendant left a pre-recorded voicemail message on Plaintiff's cellular phone using an APV.

80. On or about October 26, 2013, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

81. The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

82. On the immediately-aforementioned telephone call, Defendant left a pre-recorded voicemail message on Plaintiff's cellular phone using an APV.

83. On or about October 28, 2013, at approximately 1:13 p.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

84. The immediately-aforementioned call was placed from telephone number

10

800.868.0043 and was made in an attempt to collect the Debt.

85.     On the immediately-aforementioned telephone call, Defendant left a pre-recorded voicemail message on Plaintiff's cellular phone using an APV.

86.     On or about November 5, 2013, at approximately 11:52 a.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

87.     The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

88.     On the immediately-aforementioned telephone call, Defendant left a pre-recorded voicemail message on Plaintiff's cellular phone using an APV.

89.     On or about November 6, 2013, at approximately 11:25 a.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

90.     The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

91.     On or about December 5, 2013, at approximately 10:37 a.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

92.     The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

93.     On or about December 5, 2013, at approximately 3:08 p.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

94.     The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

95.     On or about December 5, 2013, at approximately 7:59 p.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

96.     The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

97.     On or about December 6, 2013, at approximately 11:32 a.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

98.     The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

99.     On or about December 6, 2013, at approximately 5:32 p.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

100.    The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

101.    On or about December 7, 2013, at approximately 11:42 a.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

102.    The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

103.    On or about December 7, 2013, at approximately 3:52 p.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

104.    The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

105.    On or about December 9, 2013, at approximately 1:55 p.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

106.    The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

107.    On or about December 9, 2013, at approximately 7:42 p.m. EST, Defendant

called Plaintiff's cellular phone using an ATDS or an APV.

108.    The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

109.    On the immediately-aforementioned telephone call, Defendant left a pre-recorded voicemail message on Plaintiff's cellular phone using an APV.

110.    On or about December 10, 2013, despite Defendant already having actual notice of Foreclosure Counsel's and Undersigned Counsel's representation of Plaintiff with regard to the Debt, Plaintiff sent Defendant a letter requesting that all communication with Plaintiff's cellular phone cease.  Please see attached a true and correct copy of said letter labeled as Exhibit "A."

111.    On or about December 10, 2013, at approximately 11:15 a.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

112.    The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

113.    On or about December 10, 2013, at approximately 1:29 p.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

114.    The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

115.    On or about December 11, 2013, at approximately 11:34 a.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

116.    The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

117.    On or about December 11, 2013, at approximately 3:35 p.m. EST, Defendant

called Plaintiff's cellular phone using an ATDS or an APV.

118.  The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

119.  On or about December 12, 2013, at approximately 10:57 a.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

120.  The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

121.  On or about December 12, 2013, at approximately 6:35 p.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

122.  The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

123.  On or about December 13, 2013, at approximately 3:27 p.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

124.  The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

125.  On or about December 13, 2013, at approximately 7:39 p.m. EST, Defendant called Plaintiff's cellular phone using an ATDS or an APV.

126.  The immediately-aforementioned call was placed from telephone number 800.868.0043 and was made in an attempt to collect the Debt.

127.  Plaintiff has not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics (as done above) on each and every call Defendant made to Plaintiff's cellular phone using an ATDS or an APV.

128.    Plaintiff asserts, however, that the above-referenced Collection Calls are but a sub-set of the calls made to Plaintiff's cellular phone in violation of the FCCPA, FDCPA, and the TCPA. Defendant is in the best position to determine and ascertain the total number and methodology of calls made to Plaintiff.

129.    As a direct result of Defendant's actions as described herein, Plaintiff has suffered severe stress, anxiety, inconvenience, frustration, confusion and loss of sleep, believing that the hiring of counsel regarding the Debt was altogether ineffective, and that the repeated, continual automatically-dialed Debt collection calls to Plaintiff's cellular phone would simply have to be endured.

130.    Despite having repeatedly advised Defendant of Foreclosure Counsel's and Undersigned Counsel's representation of Plaintiff with regard to the Debt, Defendant continued to attempt to collect the Debt directly from Plaintiff in violation of the FCCPA, FDCPA, and the TCPA.

131.    Defendant's conduct, as described above, is a knowing, willful, and continuing violation of Plaintiff's rights, as enumerated under Federal and State law.

132.    Given Defendant's conduct and its apparent intention and ability to continue to collect the Debt directly from Plaintiff in violation of said debt collection and privacy laws, Plaintiff has no adequate remedy at law.

133.    Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages per independent, temporarily displaced violation, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiff should Plaintiff prevail in this matter.

134.    United States Code, Title 15, Section 1692k provides for the award of $1,000.00 statutory damages, actual damages, costs, and attorneys' fees to Plaintiff should Plaintiff prevail

in this matter.

135.    United States Code, Title 47, Section 227(b)(3) provides for an award of $500.00 or actual damages, whichever is greater, for each telephone call made by an automatic telephone dialing system to Plaintiff's cellular phone in violation of the TCPA or regulations proscribed under the TCPA.

136.    Additionally, United States Code, Title 47, Section 227(b)(3) allows the trial court to increase the statutory award up to three times (3x) for each telephone call made by an automatic telephone dialing system to Plaintiff's cellular phone, knowingly and willfully made in violation of the TCPA or the regulations proscribed under the TCPA.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORDA STATUTES, SECTION 559.72(7)**

Plaintiff re-alleges paragraphs one (1) through one hundred and thirty-six (136) as if fully restated herein and further states as follows:

137.    Defendant is subject to, and has violated the provisions of, Florida Statutes, Section 559.72(7) by collecting a consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

138.    Specifically, despite having actual notice and possessing knowledge of Plaintiff's Foreclosure Case, Foreclosure Counsel's and Undersigned Counsel's representation of Plaintiff regarding the Debt, and possessing Foreclosure Counsel's and Undersigned Counsel's contact information, Defendant repeatedly and continually called Plaintiff's cellular phone at least forty-nine (49) separate and individual times and left at least eleven (11) voicemail messages, using an APV, in an attempt to abuse and harass Plaintiff into paying the Debt.

139.    All of the above-referenced telephone calls to Plaintiff's cellular phone were

placed despite lacking Plaintiff's prior express consent to be contacted using an ATDS or an APV.

140.    Further, the Collection Calls made to Plaintiff's cellular phone were intended to force, coerce, harass, frighten, embarrass, and/or humiliate the Plaintiff into paying the Debt. Said Collection Calls constitute an unlawful, intentional, systematic, continuous, willful, reckless, and harassing invasion of Plaintiff's privacy.

141.    Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

142.    As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, punitive damages, costs, attorneys' fees, and such other equitable relief this Court deems appropriate.

**COUNTS TWO THROUGH FIFTY:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)**

Plaintiff re-alleges paragraphs one (1) through one hundred and thirty-six (136) as if fully restated herein and further states as follows:

143.    Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating with Plaintiff after having actual notice that Plaintiff was represented by counsel with regard to the underlying Debt.

144.    Specifically, despite having actual notice of Plaintiff's Foreclosure Case, having actual notice of Foreclosure Counsel's representation of Plaintiff with regard to the Debt, and

17

possessing Foreclosure Counsel's contact information, Defendant called Plaintiff's cellular phone at least forty-nine (49) separate and individual times in Defendant's attempts to collect the Debt.

145.    Each individual communication with Plaintiff, despite knowledge of Foreclosure Counsel's representation of Plaintiff with regard to the Debt and possessing Foreclosure Counsel's contact information, is a separate and independent violation of Florida Statutes, Section 559.72(18).

146.    As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77, from each call placed in violation of Florida Statutes, Section 559.72(18).

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent, temporally displaced violation, actual damages, punitive damages, costs, attorneys' fees, and such other equitable relief this Court deems appropriate.

**COUNT FIFTY-ONE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 U.S.C., SECTION 1692c(a)(2)**

Plaintiff re-alleges paragraphs one (1) through one hundred and thirty-six (136) as if fully restated herein and further states as follows:

147.    Defendant is subject to, and has violated the provisions of, 15 U.S.C., Section 1692c(a)(2) by communicating with Plaintiff despite Defendant having knowledge that Plaintiff was represented by counsel with regard to a debt and having knowledge of counsel's contact information.

148.    Specifically, despite having knowledge of Plaintiff's Foreclosure Case, having

knowledge of Foreclosure Counsel's and Undersigned Counsel's representation of Plaintiff with regard to the Debt, and possessing Foreclosure Counsel's and Undersigned Counsel's contact information, Defendant called Plaintiff's cellular phone at least forty-nine (49) separate and individual times in Defendant's attempts to collect the Debt.

149.    As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 U.S.C., Section 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees, and such other equitable relief this Court deems appropriate.

**COUNT FIFTY-TWO:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 U.S.C., SECTION 1692d**

Plaintiff re-alleges paragraphs one (1) through one hundred and thirty-six (136) as if fully restated herein and further states as follows:

150.    Defendant is subject to, and has violated the provisions of, 15 U.S.C., Section 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the Debt.

151.    Specifically, despite having knowledge of Plaintiff's Foreclosure Case, Foreclosure Counsel's and Undersigned Counsel's representation of Plaintiff regarding the Debt, and possessing Foreclosure Counsel's and Undersigned Counsel's contact information, Defendant repeatedly and continually called Plaintiff's cellular phone at least forty-nine (49) separate and individual times and left at least eleven (11) voicemail messages, using an APV, in an attempt to harass, oppress, and abuse Plaintiff into paying the Debt.

152.    All of the above-referenced telephone calls to Plaintiff's cellular phone were

19

placed despite lacking Plaintiff's prior express consent to be contacted using an ATDS or an APV.

153.    Further, the Collection Calls made to Plaintiff's cellular phone were intended to force, coerce, harass, frighten, embarrass, and/or humiliate the Plaintiff into paying the Debt. Said Collection Calls constitute an unlawful, intentional, systematic, continuous, willful, reckless, and harassing invasion of Plaintiff's privacy.

154.    As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 U.S.C., Section 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees, and such other equitable relief this Court deems appropriate.

### COUNT FIFTY-THREE:
### FAIR DEBT COLLECTION PRACTICES ACT –
### VIOLATION OF 15 U.S.C., SECTION 1692d(5)

Plaintiff re-alleges paragraphs one (1) through one hundred and thirty-six (136) as if fully restated herein and further states as follows:

155.    Defendant is subject to, and has violated the provisions of, 15 U.S.C., Section 1692d(5) by causing a telephone to ring or engaging Plaintiff in telephone conversation repeatedly with the intent to annoy, harass or abuse Plaintiff into paying the Debt.

156.    Specifically, despite having actual knowledge of Plaintiff's Foreclosure Case, having actual knowledge of Foreclosure Counsel's and Undersigned Counsel's representation of Plaintiff with regard to the Debt, and possessing Foreclosure Counsel's and Undersigned Counsel's contact information, Defendant repeatedly and continually called Plaintiff's cellular phone at least forty-nine (49) times using an ATDS or an APV and left at least eleven (11)

voicemail messages, using an APV, on Plaintiff's cellular phone, all in Defendant's attempts to abuse, annoy, and harass Plaintiff into paying the Debt.

157.    All of the above-referenced telephone calls to Plaintiff's cellular phone were placed despite lacking Plaintiff's prior express consent to be contacted using an ATDS or an APV.

158.    As such, Defendant's conduct, knowingly and repeatedly taken in violation of State and other Federal law, was undertaken solely to annoy, harass or abuse Plaintiff into paying the Debt.

159.    As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 U.S.C., Section 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees, and such other equitable relief this Court deems appropriate.

**COUNT FIFTY-FOUR:**
**TELEPHONE CONSUMER PROTECTION ACT –**
**VIOLATION OF 47 U.S.C., SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through one hundred and thirty-six (136) as if fully restated herein and further states as follows:

160.    Defendant is subject to, and has violated the provisions of, 47 U.S.C., Section 227 (b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recorded voice to call Plaintiff's telephone number assigned to Plaintiff's cellular telephone without Plaintiff's prior express consent.

161.   Specifically, despite lacking Plaintiff's prior express consent to use an ATDS or an APV, Defendant placed at least forty-nine (49) such calls to Plaintiff's cellular phone in its attempts to collect the Debt.

162.   To the extent Defendant did have Plaintiff's prior express consent to use an ATDS or an APV to call Plaintiff's cellular phone, such consent was revoked when Defendant received actual notice and possessed knowledge of Foreclosure Counsel's and Undersigned Counsel's representation of Plaintiff with regard to the Debt.

163.   Defendant repeatedly was served with motions, notices, and other documents by Plaintiff's Foreclosure Counsel and Undersigned Counsel throughout Defendant's prosecution of the Foreclosure Case and the placement of the Collection Calls, yet failed to cease making such calls in knowing and willful violation of the TCPA.

164.   As a direct and proximate result of the Defendant's conduct, the Plaintiff has suffered:

      a.   The periodic loss of his cellular phone service;

      b.   The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

      c.   Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

      d.   Statutory damages.

**WHEREFORE**, Plaintiff requests this Court enter a judgment against Defendant for $500.00 statutory damages per violation of the TCPA, treble statutory damages per knowing and

willful violation of the TCPA, actual damages, costs, interest, including but not limited to those awardable pursuant to the TCPA, and such other equitable relief this Court deems appropriate.

## COUNT FIFTY-FIVE:
## DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff re-alleges paragraphs one (1) through one hundred and thirty-six (136) as if fully restated herein and further state as follows:

165.    Unless the Defendants are immediately enjoined from continued collection attempts from Plaintiff, Plaintiff will suffer irreparable injury.

166.    Plaintiff has no adequate remedy at law.

167.    Plaintiff has a clear legal right to the protections of the FCCPA, FDCPA, and the TCPA.

168.    Given Defendant's conduct and its apparent intention and ability to continue to collect the Debt directly from Plaintiffs in violation of said debt collection laws, Plaintiff has no adequate remedy at law. Plaintiff needs and is entitled to injunctive relief.

169.    The requested injunction is reasonably necessary to protect the legal rights of Plaintiff and will have no adverse effect on the public welfare.

**WHEREFORE,** Plaintiff requests this Court enter a judgment for Declaratory and Injunctive Relief against Defendants and such other equitable relief this Court deems appropriate.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

Respectfully Submitted,

**LEAVENLAW**

*/s/ Ian R. Leavengood*

**[X] Ian R. Leavengood, Esq., FBN 10167**
**LEAD TRIAL COUNSEL**
□ **Aaron M. Swift, Esq., FBN 93088**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
*Attorneys for Plaintiff*

24

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA     )
                           )
COUNTY OF $Pinellas$   )

Plaintiff MIKE KEENEY, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

MIKE KEENEY

Subscribed and sworn to before me
this 31ˢᵗ day of Jan , 2014.

Notary Public

My Commission Expires:

Proof of I.D.: personally known

K M BOORE
Notary Public - State of Florida
My Comm. Expires Jan 14, 2018
Commission # FF 083396

25



December 10, 2013

Wells Fargo Bank, N.A.                    **VIA USPS & CERTIFIED US MAIL**
ATTN: Collections Department              **RETURN RECEIPT REQUESTED**
420 Montgomery Street                     **7011 2970 0004 2580 8372**
San Francisco, CA 94163

     RE:    **Debt Collection Calls to (727) 744-8856**
              **Debtor:  Michael R. Keeney**

To Whom It May Concern:

Please be advised that I continue to receive debt collection calls for to the above referenced cellular telephone.  I have been receiving debt collection calls to this number for quite some time.

I am writing to ask that you please cease all communication with me at the telephone listed above.  I dispute the debts that you're trying to collect and I do not wish to be contacted any further.

Finally, your telephone calls to my cellular telephone are using my minutes. Please again stop calling me at this telephone number.  To the extent that you believe my failure to object to these calls and message implies that it is okay to keep calling, it is not. Any such perceived consent to call me in the manner and frequency you have been calling me is forever withdrawn.

Thank you for your attention to this matter.

Sincerely,



Michael R. Keeney

**EXHIBIT**
**A**